Smietanka v. Rawson et al., 232 Ill. App. 411.

## Julius F. Smietanka, Appellee, v. Rudolph Rawson and Fidelity and Deposit Company of Maryland, Appellant.

### Gen. No. 28,489.

INDEMNITY—*construction of bond of deputy collector of internal revenue to superior officer.* The surety on the bond of a deputy collector of internal revenue running to the collector to indemnify him against the acts or negligence of the deputy is not liable to the collector for the amount of additional compensation paid by the collector to the deputy for overtime work in violation of the provisions of Fed. St. sec. 2820, that no officer or employee shall receive additional pay and of section 177, that heads of departments may require employees to require clerks or employees to work overtime, but that no additional compensation shall be given therefor and of Internal Revenue Manual, par. 49, sec. 63, par. 1, to the same effect, since, although the act of the deputy in receiving the additional compensation paid him by the collector by mistake may have been within the condition of the bond, the loss to the collector was the joint result of the act of the employee and his own precedent unlawful act in making the unlawful payment.

Appeal by defendant from the Municipal Court of Chicago; the Hon. PETER H. SCHWABA, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1923. Reversed. Opinion filed March 10, 1924.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

HARRY L. RICKARD, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal from a judgment in favor of the plaintiff, Julius F. Smietanka, in the municipal court of the City of Chicago, in an action brought by Smietanka on a bond in which Smietanka, as collector of internal revenue, was the obligee, Rudolph Rawson, a deputy collector of internal revenue, was principal, and the defendant, Fidelity and Deposit Company, was surety.

The plaintiff was collector of internal revenue for the first district of Illinois. According to the plaintiff's testimony the plaintiff's duties were to carry out the obligations placed upon the internal revenue collector under the statute, namely, to collect all internal taxes and account for them to the United States treasurer and the commissioner of internal revenue, and to report the liability on the part of taxpayers in his district for taxes due to the United States Government. The plaintiff was required to give two bonds to the government, one as collector and the other as disbursing officer. These bonds were in the form of bonds specially prepared for collectors of internal revenue. The bonds provided, in substance, that the plaintiff should account for all moneys that came into his hands as disbursing agent; that he should "account for and pay over to the United States, in compliance with the orders and regulations of the Secretary of the Treasury, all public moneys which may come into his hands or possession"; and further provided that "each and every deputy collector appointed by" the plaintiff "shall truly and faithfully execute and discharge all the duties of such deputy collector according to law." Rawson was appointed a deputy collector of internal revenue by the plaintiff "under an allowance of the Commissioner of Internal Revenue."

Rawson was required to give a bond to the plaintiff for the faithful performance of his duties as deputy collector. The condition of Rawson's bond was as follows:

"The condition of the above obligation is such, that if the said Rudolph Rawson shall well and truly perform the duties assigned to him as Deputy Collector, and shall fully account for all moneys, stamps and property that shall come into his hands as such Deputy Collector, and shall save the said Julius F. Smietanka, Collector of Internal Revenue for the First District

of Chicago, Illinois, entirely harmless from all loss, damage or expense from the acts or negligence of the said Rudolph Rawson during his continuance in office as such Deputy Collector, then this obligation shall be null and of no effect; otherwise to be and remain in full force, effect and virtue.''

Rawson's compensation was a fixed salary of $1,200 annually. By the federal statutes he was not allowed to receive any additional pay. At a time when the work of the department of internal revenue in Chicago was in arrears, and an emergency existed, a representative of the commissioner of internal revenue at Washington came to Chicago, directed that the employees should work overtime, and also directed that they should be paid additional compensation for such work. Rawson was one of the employees that worked overtime. Rawson was paid for the overtime by a check signed by the plaintiff.

The plaintiff testified that when he signed the checks for the employees who worked overtime, ''it was an unintentional violation of the law''; that ''if he had known or thought or stopped to think of the statute,'' he ''would not have disbursed those funds.'' By section 2820 of the federal statute it is provided that an employee shall not receive any additional pay where his compensation is fixed by law or regulations. The comptroller of the treasury disallowed the payment of Rawson for the overtime work. The plaintiff made a demand on Rawson for the return of the money paid to him for the overtime work. Rawson failed to return the money, and the plaintiff thereupon brought suit against the defendant, the surety on Rawson's bond. Rawson was made a defendant to the action, but was not served with summons.

The contention of the plaintiff is that ''notwithstanding the payments for overtime were prohibited by law,'' Rawson ''became liable to repay the amount he received in excess of his regular salary and that the

surety on his bond shared the same liability because under the bond" to the plaintiff "Rawson agreed to fully account for all moneys, stamps and property that should come into his hands as deputy collector and to save" the plaintiff "entirely harmless from any loss, damage or expense from the acts or negligence of" Rawson "during his continuance in office as such deputy collector."

Counsel for the defendant contend that "Rawson's bond did not cover a situation such as is presented on this appeal and was not intended to insure against result of acts done by" the plaintiff; "that if the payment was unlawful or was made under mistake of law, it could not be recovered as against the defendant, Rawson, and consequently could not be obtained through an action against the surety."

It may be, as counsel for the defendant contend, that the plaintiff cannot recover against the defendant, for the reason that the plaintiff made the payment to Rawson under a mistake of law, with full knowledge of the facts. But without expressing an opinion on that question, we prefer to place our decision on the construction of Rawson's bond, considered in connection with the federal statutes and Internal Revenue Manual, concerning additional pay of an employee. Section 2820 of the federal statutes provides as follows:

"No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation. No civil officer of the Government shall hereafter receive any compensation or perquisites, directly or indirectly, from the treasury or property of the United States beyond

his salary or compensation allowed by law: Provided, That this shall not be construed to prevent the employment and payment by the Department of Justice of district attorneys as now allowed by law for the performance of services not covered by their salaries or fees." (Barnes' Fed. Code 1919.)

Section 177 of the federal statutes provides, in part, as follows:

"That the heads of the departments may, by special order, stating the reason, further extend the hours of any clerk or employee in their Departments, respectively; but in case of such an extension it shall be without additional compensation." (Barnes' Fed. Code 1919.)

Paragraph 1 of section 63, par. 49, of the Internal Revenue Manual provides as follows:

"When the condition of the public business necessitates such action, local field officers may require overtime work on the part of such employees as they may designate, but orders to this effect must be in writing. However, no additional compensation will be given for such overtime work unless otherwise specifically authorized."

Counsel for the plaintiff contends that in view of the fact that section 2820 of the statutes provides that no employee "shall receive any additional pay, extra allowance or compensation in any form whatever," and in view of the further fact that Rawson's bond provides that the plaintiff shall be saved harmless from all loss, damage or expense from the acts of Rawson, that "in accepting additional compensation Rawson, therefore, acted illegally and the surety of his bond is liable."

In answer to the contention of counsel for plaintiff, counsel for defendant call attention to section 177 of the federal statutes and also to "Paragraph 1 of section 63 of par. 49" of the Internal Revenue Manual, both of which were introduced in evidence, and argue that Rawson was not only prohibited from receiving

additional compensation, but that the plaintiff was also prohibited from paying Rawson additional compensation; that "Rawson could not unlawfully receive additional compensation unless and until it had been paid to him"; and that the act of Rawson was not primarily responsible for the loss, but that the act of the plaintiff in making the unlawful payment was the primary cause of the loss. In such circumstances counsel for the defendant maintain that the obligation of the defendant, as surety on Rawson's bond, should not be extended to cover the loss of the plaintiff.

In our opinion the contention of counsel for the defendant is correct.

In reaching our conclusion we have treated the question as an original one. We have recognized the fact pointed out by counsel for the plaintiff that the wording of Rawson's bond is different from the language generally employed in official bonds; whether there is a substantial difference we do not actually decide, but we assume for the sake of argument that there is. Whether the money came into Rawson's hands by virtue of his office or even by color of his office, we do not expressly determine. We have endeavored merely to construe the language of Rawson's bond as if it were a contract in which the meaning of the language is in controversy. Both counsel for the defendant and counsel for the plaintiff agree that "the first step towards ascertaining the liability of a surety or a guarantor is to determine the meaning of his contract." (1 Brandt on Suretyship and Guaranty (2nd ed.), sec. 92, pp. 132, 133.) In interpreting Rawson's bond, even if the construction of counsel for the plaintiff that if Rawson "did anything or omitted to do anything which resulted in a loss to" the plaintiff, Rawson "agreed to hold the" plaintiff "entirely harmless therefrom" is adopted, it would not, in our opinion, lead to the conclusion that the defendant is liable, as surety, to the plaintiff. The act of Rawson,

which, counsel for the plaintiff contends, caused the loss to the plaintiff and rendered the defendant, the surety on Rawson's bond, liable, was Rawson's act in receiving the extra pay for overtime in violation of section 2820, which provided that no employee whose salary was fixed should "receive any additional pay." In considering this question we are assuming, as contended by counsel for the plaintiff, that the language of section 2820 of the Federal Code, which forbids the employee from receiving any additional pay, is aimed solely at the employee and not at the head of the department, and does not mean that the head of the department is prohibited from paying the employee any additional amount.   Section 177 of the Federal Code and paragraph 1 of the Internal Revenue Manual, however, prohibit a head of a department from paying additional compensation to an employee for overtime.   It will be perceived that we are granting all of the premises of counsel for the plaintiff.   But although we concede the premises, we do not agree with the conclusion of counsel for the plaintiff that it would follow that the defendant, as surety, is liable to the plaintiff on the bond of Rawson.   The bond of Rawson provides only for the acts of Rawson, and does not by any reasonable intendment apply to the acts of the plaintiff.   The bond is not ambiguous in this respect and is not fairly open to two interpretations.   The bond does not, therefore, come within the rule of construction relied on by counsel for the plaintiff that, where the contract of suretyship is ambiguous or fairly open to two constructions, it will be construed in favor of the assured (*Hormel & Co. v. American Bonding Co.,* 112 Minn. 288; footnote in 33 L. R. A. [N. S.] 513).

The loss in question was not caused solely by the act of Rawson, but was the result of the joint act of the plaintiff and Rawson.   The act of the plaintiff made it possible for the loss to occur.   On the construc-

tion that we have given to the bond of Rawson, to the federal statutes, and to the Internal Revenue Manual, it would follow that Rawson and the plaintiff both violated the law,—Rawson in receiving the additional compensation, and the plaintiff in paying the additional compensation; and that the loss would be the consequence of the joint act of both Rawson and the plaintiff. The loss, however, was made possible primarily through the fault of the plaintiff in paying the money to Rawson. Rawson's act, which the plaintiff maintains creates the liability of the defendant on the bond, occurred after the act of the plaintiff. In other words, the act of paying the money necessarily preceded Rawson's act in receiving the money. In order that it may be held in such a situation that the surety on Rawson's bond is liable to the plaintiff for the loss, the obligation of Rawson's bond would have to be extended to cover the unlawful act of the plaintiff in paying the money to Rawson. We are of the opinion that a fair and reasonable interpretation of the bond of Rawson would not admit of such a construction; that Rawson's bond is intended to cover the acts of Rawson only, and does not extend to the acts of the plaintiff. In other words, we do not think that the plaintiff is entitled to recover from the defendant, the surety on Rawson's bond, the money which the plaintiff disbursed by his own mistake.

For the reasons stated the judgment is reversed, and as there can be no recovery on the bond the case is not remanded.

*Judgment reversed.*

Matchett, P. J., and McSurely, J., concur.